UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FIRST FUNDS, LLC,

                Plaintiff,

               -v-

CHA-CHA-CHA, INC. d/b/a BOVA
RISTORANTE and ANTHONY BOVA,

                Defendants.

------------------------------------------------------------x

09 Civ. 5399 (GEL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/09

GERARD E. LYNCH, District Judge:

      Defendants Cha-Cha-Cha, Inc. d/b/a/ Bova Ristornate and Anthony Bova move to dismiss the complaint for lack of personal jurisdiction. But, as defendants acknowledge, the agreement that is the subject of the lawsuit contains an express mandatory forum selection clause. Such clauses are ordinarily valid and enforceable, M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Yakin v. Tyler Hill Corp., 566 F.3d 72, 78 (2d Cir. 2009), and a party's consent to suit in a particular jurisdiction satisfies the requirements of due process despite a lack of other contacts with the forum, D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006); Laufer Group Int'l v. Tamarack Indus., LLC, 599 F. Supp. 528, 530 (S.D.N.Y. 2009). Defendants do not contend that they lacked knowledge of the clause, which appears in capital letters on the face of the agreement, nor do they contend that they were in any way defrauded or deceived. Cf. Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9-10 (2d Cir. 1995) (finding forum selection clause apparently not discussed but appearing, in fine print, on ticket reasonably communicated to party and enforceable where there was no evidence of fraud or overreaching). Defendants do assert, in a totally conclusory fashion, that the clause was the product of "undue influence," but they provide no explanation of what they mean, other than a lack of "bargaining leverage" (D. Mem. 7), and no evidentiary support even for that claim. Lack of "leverage" is not a basis to refuse to enforce the terms of an agreement. Defendants had every opportunity to walk away from the contract if they did not wish to be bound by the forum selection clause.

      Accordingly, defendants' motion to dismiss (Doc. # 4) is denied.

SO ORDERED:

Dated: New York, New York
       August 17, 2009

_____
GERARD E. LYNCH
United States District Judge